**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSHUA JOEL ZAMORA GONZALES, | No. 13-56498 |
| Petitioner - Appellant, | D.C. No. 5:12-cv-00862-BRO-PLA |
| v. | |
| CONNIE GIPSON, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted December 7, 2015
Pasadena, California

Before: PREGERSON, D.W. NELSON, and CALLAHAN, Circuit Judges.

Joshua Joel Zamora Gonzales appeals the denial of his federal habeas petition, challenging his conviction for three counts of attempted murder and one count of shooting from a motor vehicle. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court did not err in denying Gonzales's petition. Viewed in a light most favorable to the prosecution, the evidence presented at trial allowed the jury to infer that Gonzales was not only present, but that he was the shooter. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The evidence presented at trial reflected that: (1) Gonzales and two other individuals were in a car in the area at the time of the shooting; (2) Gonzales was seated in the backseat of the car he was in; (3) one person shot from the back seat of the car in question and a second person shot from over the hood; (4) two different caliber shell casings were found at the scene; (5) Gonzales had been wearing a baseball cap featuring the Pirates "P" logo in support of the Playboyz gang that evening; (6) a person in the backseat of the car in question was wearing a baseball cap; (7) there was a dispute at the party that may have been gang-related, and Gonzales was "mingled" in with its participants; (8) Gonzales exchanged words with men on the street before the shooting occurred; (9) someone asked one of the victims for his gang affiliation; and (10) Gonzales tested positive for gunshot residue during his interview with police the next day.

Though the evidence amassed to convict Gonzales was largely circumstantial, such evidence "can be used to prove any fact, including facts from which another fact is to be inferred, and is not to be distinguished from testimonial

2

evidence insofar as the jury's fact-finding function is concerned." *Payne v. Borg*, 982 F.2d 335, 339 (9th Cir. 1993). While we agree with the magistrate judge that the evidence in this case is "far from overwhelming," "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of that decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The district court did not err in denying the petition.

**AFFIRMED.**

*Gonzales v. Gipson*, No. 13-56498
Pregerson, J., dissenting:

FILED

AUG 11 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

I dissent. Joshua was convicted for a crime that occurred when he was 17 years old. He was investigated by a detective who, during preliminary proceedings, twice put incriminating words into Joshua's mouth, words he never spoke. Joshua was convicted based on evidence that, as the magistrate judge noted, was "far from overwhelming." In fact, two witnesses explicitly stated, one with complete certainty, that Joshua was *not* the shooter.

Joshua was sentenced to a staggering term of 86 years and 8 months to life, including three 25-year mandatory gang enhancements. Because Joshua was just 17 when the crime was committed, California law now entitles him to a youth offender parole hearing no later than his twenty-fifth year of incarceration. *See* Cal. Penal Code § 3051(b)(3); *People v. Franklin*, 63 Cal. 4th 261, 268 (2016). This provides little solace for a young man facing, what very well could be, a life behind bars for a crime in which no one was killed.

For these reasons, I dissent.

1